## HILLSIDE AMUSEMENT CO. v. WARNER BROS. PICTURES, Inc., et al.

District Court, S. D. New York.

July 12, 1941.

Norman H. Samuelson, of New York City (Mortimer Hays and A. I. Siegel, both of New York City, of counsel), for plaintiff.

Sidney Schreiber, of New York City, for defendant Motion Picture Producers & Distributors of America, Inc.

Austin C. Keough, of New York City, for Paramount Pictures, Inc.

Robert W. Perkins, of New York City, for Warner Bros. Pictures, Inc., Vitagraph, Inc., and Warner Bros. Circuit Management Corporation.

Gordon E. Youngman, of New York City, for Radio-Keith-Orpheum Corporation and RKO Radio Pictures, Inc.

Charles D. Prutzman, of New York City, for Universal Pictures Co., Inc., Universal Corporation, Universal Film Exchanges, Inc., and Big U Film Exchange, Inc.

O'Brien, Driscoll & Raftery, of New York City, for United Artists Corporation.

J. Robert Rubin and C. Stanley Thompson, both of New York City, for Loew's, Inc., and Metro-Goldwyn-Mayer Corporation.

Dwight, Harris, Koegel & Caskey, of New York City, for Twentieth Century-Fox Film Corporation.

HULBERT, District Judge.

Fifteen of the defendants above named have moved to vacate two orders, issued ex parte, granting leave to examine the defendants by their officers, agents and representatives before answer pursuant to

Rule 26, Federal Rules of Civil Procedure, 28 U.S.C.A. following section 723c.

The action is brought under the Sherman Anti-Trust Law, 15 U.S.C.A. §§ 1–7, 15 note, for treble damages—$900,000. It was commenced on February 24, 1941, and process upon all of the defendants was promptly effected.

The complaint is voluminous, and charges conspiracy to control the nation-wide production, distribution and exhibition of motion picture films.

Reciting the appearance of the defendant Motion Picture Producers & Distributors of America, Inc., and upon an affidavit of plaintiff's attorney which set forth: "6. The reason an order is sought so that the examinations may be commenced immediately is to avoid unnecessary delay during the summer months when the officers of defendant are likely to be away on extended vacations and are apt to be engaged on the west coast in connection with the initiation of the new motion picture season which starts in July or August of each year.", an ex parte order was obtained April 10, 1941 (filed the next day), which directed: "That the plaintiff herein be granted leave to issue and serve a notice of examination and to proceed thereunder to take the testimony of the officers of the said defendant Motion Picture Producers and Distributors of America, Inc. pursuant to the Federal Rules of Civil Procedure, and the Clerk to issue such subpoenas and subpoenas duces tecum as may be permitted by law in aid of such examination."

All of the remaining defendants except National Theatres Corporation, a Delaware corporation having its principal place of business in Jersey City, New Jersey (and which contested jurisdiction and venue by motion, this day disposed of), had filed a notice of appearance and the time of said defendants to answer or otherwise move in regard to the complaint, had been extended. On May 2, 1941, two of these defendants brought on motions to strike certain matter from the complaint and the other defendants moved to make the complaint more definite and certain or for a bill of particulars. These motions were successively adjourned to and heard on July 9, 1941, and have been disposed of.

On May 5, 1941, the plaintiff procured upon substantially similar allegations, a second order of like tenor and effect as to all of the other defendants, except National Theatres Corporation.

A motion to vacate the order of April 10, 1941, was brought on by order to show cause containing a stay of the examination meanwhile, and motions for similar relief were noticed by all of the remaining defendants (except National) and came on and were heard by me on July 9, 1941. Of course, no effort to conduct any of the examinations for which leave was granted has been made.

It is an anomolous proposition that a motion judge cannot or should not review an order made by a colleague ex parte. In practice, it happens every day. The literal translation of ex parte—one sided—discredits the argument.

It is the contention of the plaintiff that Rule 26, Federal Rules of Civil Procedure, does not require notice "for leave" to examine before the joinder of issue shall be given. He refers to Rule 7, and contends that application "for leave" is not a motion; he also asserts compliance with Rule 5. This argument is specious.

The disposition of the question on technicalities would require the application of Rule 6 of the Local Rules of this Court, which reads as follows: "Whenever the court has made an ex-parte order, the party obtaining it shall serve a copy thereof, and of the papers upon which it was based, within two days thereafter upon each adverse party who has appeared in the cause and is affected thereby; except that an order to show cause shall be served within the time limited by the order."

Plaintiff failed to comply with this rule.

■ Whether the plaintiff was justified under Rule 26 in applying ex parte instead of upon notice for leave to conduct an examination of the defendants before issue joined, it is not pertinent to decide. It is conceivable that instances have arisen and will arise in the future where the giving of notice might thwart the purpose sought to be achieved, but each case depends more or less upon its own special facts, and the motion judge should regard it as his duty to review them after an opportunity to hear both sides.

Plaintiff asserts that this case will be reached in the early fall, and the preparation for trial will be a laborious task and the relief sought by the two orders under

100

consideration was, therefore, urgently needed. It will require twenty or thirty days for plaintiff to comply with the orders entered granting in part the motions to strike and for a bill of particulars, and twenty or thirty days more for the defendants to prepare, file and serve their respective answers, so that the case will hardly be at issue before September 1st. The status of the jury trial calendar of this court is such that a trial of issues as of that date will not be reached in regular order for at least 10 months.

To my mind the reasons presented to the judge ex parte when the orders of April 10th and May 5th were made, are non-existent in mid-July, and it will best serve the ends of justice that the orders be vacated without prejudice, and the examinations proceed in the regular way.

Incidentally, in Sweeney v. United Feature Syndicate, Inc., D.C., 29 F.Supp. 420, I held the application before issue joined was premature, and in that case, the application was on notice. Settle order on notice if not agreed upon as to form.